**ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shimadzu Corporation,

Plaintiff,

vs.

Nortech Systems, Inc.,

Defendant.

Ct. File No.: 01-CV-984 JMR/FLN

**ORDER FOR JUDGMENT**

---

Upon the foregoing stipulation dated ______________, **IT IS HEREBY ORDERED**, that the Clerk of this Court is directed to enter forthwith judgment dismissing any and all claims in the above-captioned matter with prejudice, on the merits and without costs and disburesements to any party.

Dated this 26th day of March, 2002

BY THE COURT:

[signature]

~~Honorable Franklin L. Noel~~
~~Chief Magistrate Judge of the District Court~~
HONORABLE JAMES M. ROSENBAUM,
CHIEF DISTRICT COURT JUDGE

FILED
RICHARD D. SLETTEN, CLERK
MAR 27 2002
JUDGEMENT ENTERED MAR 27 2002
DEPUTY CLERK'S INITIALS ______

COPY

# MEDIATED SETTLEMENT AGREEMENT

**RECITALS**:

1. The date of this Agreement is March 12, 2002.

2. The parties to this Agreement are Shimadzu Corporation and Nortech Systems, Inc.

3. There is a controversy between the parties that is subject to litigation in the United States District Court for the District of Minnesota, Court File No. 01 CV 984 JMR/FLN.

4. With the assistance of Richard Ihrig acting as mediator, the parties have agreed to settle their controversy, and wish to memorialize their agreement in this document.

5. The parties acknowledge the following:

   (a) They have been represented by the undersigned attorneys;

   (b) The mediator had no duty to protect their legal interests or provide them with information about their legal rights;

   (c) Signing this Mediated Settlement Agreement may adversely effect their legal rights; and

   (d) Each party has consulted with its attorney before signing this Mediated Settlement Agreement.

6. The parties intend this Mediated Settlement Agreement to bind each of them, that the controversy between the parties is settled by the agreements contained herein, and this settlement is not conditioned upon any further agreement. The parties understand that formal documents will be prepared to facilitate the detail of their agreement, but do not intend their settlement to be dependent upon reaching agreement as to any such detail, and agree that their agreements contained herein are fully enforceable against them. The parties agree that should any matter not set out in this Agreement be the subject of irreconcilable dispute in respect to any formal documentation, the mediator will decide the issue based on his determination of what is consistent with the intent and spirit of the parties' negotiations, or his determination of what is fair and equitable under the circumstances.

7. Based on the foregoing recitals, the parties agree to the following settlement terms:

**AGREEMENT:**

8. A. Nortech shall pay to Shimadzu the amount of $400,000.00 U.S. Payment shall be made within 14 days of this agreement. Payment by wire transfer to an account to be designated by Shimadzu.

B. Nortech shall have no further warranty obligations with respect to monitors if sold to Shimadzu.

C. Shimadzu may retain all Nortech monitors still in its possession. Shimadzu has no obligation to take delivery of any Nortech monitors located at Nortech.

9. The parties agree that they will exchange mutual complete releases and stipulations of dismissal with prejudice and without costs to either party.

Dated: March 12, 2002.

SHIMADZU CORPORATION

By [signature]
Its Authorized Representative

Dated: March 12, 2002.

NORTECH SYSTEMS, INC.

By [signature]
Its Insurance Rep.

Dated: March 12, 2002.

ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, P.A.

By [signature]

Dated: March 12, 2002

BRIGGS & MORGAN, P.A.

By Karna A. Berg



Doc# 1524227\1

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shimadzu Corporation,

Plaintiff,

vs.

Nortech Systems, Inc.,

Defendant.

Ct. File No.: 01-CV-984 JMR/FLN

**AFFIDAVIT OF KEESHA M. GASKINS**

---

STATE OF MINNESOTA )
)ss.
COUNTY OF HENNEPIN )

KEESHA M. GASKINS, being first duly sworn on oath, deposes and states the following:

1. I am an attorney representing Defendant Nortech Systems, Inc in the above-captioned action.

2. I am licensed to practice law in the State of Minnesota.

3. A true and correct copy of the parties' Mediated Settlement Agreement is attached to this affidavit in support of the Stipulation for Dismissal with Prejudice and without Costs and Order for Judgment.

Further your Affiant sayeth not.

Dated: 3-22-2002

Keesha M. Gaskins

Subscribed and sworn to before me
this 22nd day of March, 2002

Notary Public

KATHLEEN F. THOREN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shimadzu Corporation,

Plaintiff,

vs.

Nortech Systems, Inc.,

Defendant.

Ct. File No.: 01-CV-984 JMR/FLN

**STIPULATION FOR DISMISSAL WITH PREJUDICE AND WITHOUT COSTS AND ORDER FOR JUDGMENT**

The above entitled action having been fully and finally compromised and settled, **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through their respective counsel, pursuant to the attached Mediated Settlement Agreement, that any and all claims by Plaintiff against Defendant are hereby dismissed with prejudice, on the merits and without costs and disbursements to any party. Any party to this agreement may forthwith and without notice to any other party apply to the Court pursuant to this Stipulation for an order directing that judgment of dismissal with prejudice be entered accordingly.

Dated: March 22, 2002

BRIGGS & MORGAN

Karna A. Berg

Karna A. Berg (#198432)
332 Minnesota Street, Suite 2200
Saint Paul, Minnesota 55101

*Attorney for Plaintiff*

ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

Lindsay G. Arthur, Jr. (#327X)
Keesha M. Gaskins (#310074)
500 Young Quinlan Building
81 South Ninth Street
Minneapolis, Minnesota 55402
*Attorneys for Defendant*

ORIGINAL

# AFFIDAVIT OF FILING BY MAIL

STATE OF MINNESOTA )
:ss.
COUNTY OF HENNEPIN )

Kori J. Gustafson, being first duly sworn, deposes and says that she is a secretary in the office of Arthur, Chapman, Kettering, Smetak & Pikala, P.A., 500 Young Quinlan Building, 81 South Ninth Street Minneapolis, MN 55402-3214, and that on March 22, 2002 she filed the attached:

**Stipulation for Dismissal with Prejudice and without Costs**
**Order for Judgment**
**Affidavit of Keesha M. Gaskins**

upon the following person(s) by placing a copy of each in an envelope properly addressed to such person(s) at his\her\their last known address, and the envelope, with postage prepaid, was deposited in the United States Mail in Minneapolis, Minnesota, for delivery by the United States Postal Service, as directed by said envelope:

Filing Clerk
United States District Court
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Kori J. Gustafson

Subscribed and sworn to before me on March 22, 2002.

Notary Public

SUSAN K. McLINN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*